UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ARI BAILEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-463 (RMC) |
| ISAAC FULWOOD, JR., et al., | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

I.     Introduction.

Plaintiff is currently imprisoned at United States Penitentiary (USP) Allenwood in Allenwood, Pennsylvania. Plaintiff sues the chairman, several individual commissioners, and the case operations administrator of the United States Parole Commission ("Commission" or USPC), alleging *ex post facto* application of parole regulations to determine his parole suitability, as well as Privacy Act violations regarding allegedly incorrect information in the Commissions's file on Plaintiff. Defendants urge the Court to construe Plaintiff's *ex post facto* claims as a petition for a writ of habeas corpus and move to dismiss this entire action with prejudice under Federal Rule of Civil Procedure 12(b)(1)–(2) for lack of jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Because the statute of limitations of the Privacy Act is not jurisdictional, Defendants' arguments under Rule 12(b)(1) will be construed as if made under Rule 12(b)(6). Because Defendants refer to matters outside the pleadings with respect to their statute-of-limitations argument, the Court will construe that part of

Defendants' motion as a motion for summary judgment under Federal Rule of Civil Procedure 56. In the memorandum accompanying their motion, Defendants alternatively suggest that Plaintiff's habeas claim may be transferred to a court with proper jurisdiction, which suggestion the Court will accept.

## II. Standards of Review.

Defendants seek dismissal of Plaintiff's habeas claims under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, and dismissal of Plaintiff's Privacy Act claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. *See* Defs.' Mot to Dismiss [Dkt.. # 21] (hereinafter Mot.); Mem. of P. & A. in Supp. of Defs.' Mot to Dismiss [Dkt. # 21] (hereinafter Mem.). Alternatively, Defendants seek transfer of Plaintiff's habeas claims "to the federal district of Plaintiff's incarceration." Mem. at 8.

### A. Lack of Subject-Matter Jurisdiction, Construed as Failure to State a Claim.

Defendants seek dismissal of Plaintiff's Privacy Act claims under Rule 12(b)(1) because they allege Plaintiff brought such claims after the expiration of the relevant statute of limitations. Mem. at 17. However, in this Circuit, "the statute of limitations period set forth in 5 U.S.C. § 552a(g)(5) is *not* a jurisdictional bar." *Kursar v. Transportation Sec. Admin.*, No. 07-cv-2001, 2010 WL 4721304, *7 (D.D.C. Nov. 22, 2010) (citing *Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 278 n.* (D.C. Cir. 2003)) (emphasis added). Instead, "the appropriate 'procedural mechanism for considering [the defendant's] statute of limitations argument at this stage of the

proceedings is Rule 12(b)(6).'" *Id.* (quoting *Williams v. Chu*, 641 F. Supp. 2d 31, 34 (D.D.C. 2009)) (alteration in original). Accordingly, the Court will consider Defendants' Rule 12(b)(1) arguments as though made under Rule 12(b)(6).

### B. Lack of Personal Jurisdiction.

On a motion to dismiss under Rule 12(b)(2), a plaintiff bears the burden of establishing a factual basis for the court's exercise of personal jurisdiction over a defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). A plaintiff must allege specific acts connecting a defendant with the forum. *2d Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001). Bare allegations and conclusory statements are insufficient. *Id.*

In determining whether a factual basis for personal jurisdiction exists, a court resolves factual discrepancies appearing in the record in favor of the plaintiff. *Crane*, 894 F.2d at 456. However, the court need not treat all of the plaintiff's allegations as true. *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000). Instead, the court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Id.*

### C. Failure to State a Claim, Construed as Summary Judgment

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Fed. R. Civ. P. 12(b)(6). Defendants include with their motion to dismiss several exhibits relating to their arguments made under Rule 12(b)(1), *see* Mot. Exs. A–D [Dkt. # 21-1], which the Court will construe as made under Rule 12(b)(6), *see* Discussion *supra* Part. II.A. "If,

on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . ." Fed. R. Civ. P. 12(d). The Court cannot exclude Exhibits B or C, upon which Defendants' base their argument that Plaintiff's Privacy Act claims are untimely. *See* Discussion *infra* Part IV.B. The Court therefore construes Plaintiff's motion under Rule 12(b)(6) (and arguments ostensibly made under Rule 12(b)(1)) as a motion under Federal Rule of Civil Procedure 56.

Under Rule 56, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the Court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

### D. Transfer.

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631.

### III. Petition for a Writ of Habeas Corpus.

Plaintiff's *ex post facto* claims constitute a petition for a writ a habeas corpus. Summary judgment will be entered in favor of individual Commission defendants on Plaintiff's habeas claim, but Warden Martinez will be added as the respondent. The petition will be severed from Plaintiff's other claims. The resulting separate habeas action will be transferred.

#### A. Plaintiff's Ex Post Facto Claims Are a Petition for a Writ of Habeas Corpus.

Plaintiff is currently imprisoned at USP Allenwood, where he is serving a sentence imposed by the Superior Court for the District of Columbia. *See Bailey v. United States*, 699 A.2d 392 (D.C. 1997).[1] Plaintiff claims that Defendants, when evaluating whether or when to release Plaintiff on parole, "impermissibly rel[ied] upon . . . federal standards and/or the 2000 USPC guidelines [and] capriciously us[ed] 'other' reasons to depart from the 1987 D.C. Board of Parole and 1991 guidelines." Compl. ¶ 17 [Dkt. # 1]. In other words, says Plaintiff,

---

[1] Plaintiff is therefore a state prisoner. *Banks v. Smith*, 377 F. Supp. 2d 92, 94 (D.D.C. 2005) ("The D.C. Circuit has consistently held that when considering a writ of habeas corpus a prisoner of the District of Columbia is considered a State prisoner, when the prisoner is held under a conviction of the D.C. Superior Court.") Although habeas challenges to a D.C. Superior Court conviction generally must be made in Superior Court, habeas challenges to parole decisions may be brought in federal court. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1043 (D.C. Cir. 1998).

Defendants unconstitutionally applied newer guidelines *ex post facto*, when they should have used guidelines from 1987 or 1991. The alleged result: "to deny Plaintiff A. Bailey parole." *Id.* ¶ 4. Plaintiff therefore asks the Court to grant him a "parole date of September 6, 2010." *Id.* ¶ 1.

In effect, Plaintiff seeks his immediate release and thus challenges the duration of his present confinement. Such is the province of habeas corpus. In *Chatman-Bey v. Thornburgh*, the Court of Appeals for the District of Columbia Circuit directly considered the question of "whether a federal prisoner challenging the determination of a parole eligibility date is required to bring his claim in habeas." 864 F.2d 804, 808 (D.C. Cir. 1988). The Circuit concluded that because "a prisoner's challenge to the determination of his eligibility for parole . . . attack[s] the 'fact or duration' of [the prisoner's] confinement," such a challenge must be made in a petition for a writ of habeas corpus. *Id.* at 810, 810 n.5. The Court therefore construes Plaintiff's ex post facto claims as a petition for a writ of habeas corpus.

### B. Plaintiff's Warden Is the Proper Respondent.

The proper respondent in a habeas corpus case is the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Blair-Bey*, 151 F.3d at 1039; *see also Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986) (noting that although "the Parole Commission is responsible for the [prisoner's] continued detention[,] . . . this power does not make the Commission the prisoners' custodian in the sense of the habeas corpus statute"). Petitioner has not named his warden or immediate custodian as a respondent in this action, but has instead only named the chairman, several individual commissioners, and case operations administrator of the Commission. Summary judgment in favor of these individual Commission defendants is therefore appropriate. But as to the proper respondent, the Court may, "on its own"

and "on just terms, add . . . a party." Fed. R. Civ. P. 21. The Court will therefore add R. Martinez, Warden of USP Allenwood, as the proper respondent in this action.[2]

Defendants then urge the Court to dismiss the Plaintiff's habeas claim against Warden Martinez because "this Court lacks personal jurisdiction over Plaintiff's warden." Mem. at 9. It is true that "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). But a court may, and often does, transfer a habeas petition to the appropriate court. *See* 28 U.S.C. § 1631. Defendants alternatively move for such a transfer. Mem. at 8.

### C. The Habeas Claims Must Be Severed from the Privacy Act Claims Prior to Transfer.

This Court lacks personal jurisdiction over Warden Martinez as to Plaintiff's habeas claim, *see* discussion *supra* Part III.B., but there is no jurisdictional defect with respect to Plaintiff's Privacy Act claims, *see* discussion *infra* Part IV. "Section 1631 [of title 18, United States Code,] directs a court to transfer an 'action' over which it lacks jurisdiction, rather than an individual claim . . . ." *Hill v. U.S. Air Force*, 795 F.2d 1067, 1070 (D.C. Cir. 1986). The Court, therefore, may not transfer the habeas claims while maintaining the Privacy Act claims, because they arise in the same "action." Instead, the claims must first be severed into separate actions, so that one entire action may be transferred and the other entire action may remain. *See, e.g.*, *Pamplona ex rel. Pamplona v. Hernandez*, No. 08-cv-2205, 2009 WL 578578, at *3 (S.D. Cal.

---

[2] Defendants contend that "Plaintiff's custodian is the warden of the facility in which he is housed at USP-Lewisburg in Pennsylvania." Mem. at 9. A search of the Bureau of Prisons Inmate Locator for Register Number 03997-000, however, clearly indicates that Plaintiff-Petitioner is housed at USP Allenwood, where R. Martinez is the warden.

Mar. 5, 2009).

"The Court may . . . sever any claim against a party" that is misjoined. Fed. R. Civ. P. 21. Because the Court has added Warden Martinez as a defendant in this case, the Court finds that he and the habeas claims against him are now misjoined with the Commission defendants and the Privacy Act claims against them.

Whether the Commission *ex post facto* applied later-adopted parole guidelines in determining Plaintiff's parole eligibility has nothing to do with whether the Commission, in their application of the allegedly incorrect guidelines, violated the Privacy Act by basing its parole decision "on groundless, false, inaccurate, and erroneous information" in Plaintiff's records, as Plaintiff alleges. Compl. ¶ 10. Although the alleged violations may have taken place as part of the same transaction or occurrence—the Commission's decision making process—they share no common questions of law or fact. The habeas claim concerns whether the proper guidelines were applied in the first place, while the Privacy Act claim concerns how those guidelines were actually applied with respect to consideration of certain records about Plaintiff. These are separate legal issues concerning separate defendants. If the Court were to agree with Plaintiff on his habeas claim and conclude that the Commission applied the wrong standards, that decision would have no bearing on whether, when applying those standards, the Commission considered certain information violative of the Privacy Act. Similarly, if the Court were to agree with Plaintiff on his Privacy Act claims and conclude that the Commission considered information violative of the Privacy Act, that decision would have no bearing on whether, when making that consideration, the Commission *ex post facto* applied incorrect standards. Moreover, severance will promote an expeditious final resolution of the Privacy Act claims because, as discussed

below, those claims will be dismissed. The Court will therefore sever the habeas claim from the Privacy Act claims. Upon severance of the habeas claims from the Privacy Act claims, this action will become two separate and independent actions. *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1376 (J.P.M.L. 2003) ("[S]everance of claims under Rule 21 results in the creation of separate actions.").

### D. The Resultant Habeas Action Will Be Transferred.

A court shall transfer an action when the transferor court lacks jurisdiction and transfer is "in interests of justice." 28 U.S.C. § 1631. The proper transferee court is one where the action "could have been brought at the time it was filed." *Id.* This court lacks jurisdiction over Warden Martinez. *See* 28 U.S.C. § 88 (limiting territorial jurisdiction to the District of Columbia). The United States District Court for the Middle District of Pennsylvania has territorial jurisdiction over Warden Martinez. *See* Fed. Bureau of Prisons, *USP Allenwood*, http://www.bop.gov/locations/institutions/alp/index.jsp (last visited Jan. 26, 2011) (identifying "Middle Pennsylvania" as the judicial district encompassing USP Allenwood). Because transfer would avoid the inefficiency of dismissing this action and requiring Petitioner to refile it, the Court finds it in the interest of justice to simply transfer this action to the proper court.

Because the Court lacks jurisdiction to consider the habeas action, the Court will not consider Defendants' additional arguments that the habeas claims should be dismissed. *See* Mem. at 10–16. Defendants may renew their motion to dismiss before the transferee court.

### IV. Privacy Act.

Summary judgment will be entered in favor of individual Commission defendants on Plaintiff's Privacy Act claims, but the Court will add the Commission itself as the proper

defendant.  Summary judgment will then be entered in favor of the Commission itself on those claims.

### A. The Commission Is the Proper Defendant.

The only proper defendant in an action under the Privacy Act "is the agency maintaining the challenged record." *Ingram v. Gonzales*, 501 F. Supp. 2d 180, 185 n.2 (D.D.C. 2007) (citing *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006); *Reid v. Fed. Bureau of Prisons*, No. 04-1845, 2005 WL 1699425, at *2 (D.D.C. July 20, 2005)).  Plaintiff has not named the Commission itself as a defendant in this case, but has instead only named the chairman, several individual commissioners, and the case operations administrator of the Commission.  Summary judgment in favor of these individual Commission defendants is therefore appropriate.  But as to the proper defendant, the Court may, "on its own" and "on just terms, add . . . a party." Fed. R. Civ. P. 21.  The Court will therefore add the United States Parole Commission as the proper defendant in this action.

### B. Plaintiff's Privacy Act Claims Are Untimely.

Defendants additionally argue that Plaintiff's claims under the Privacy Act are barred by the Act's statute of limitations.  Mem. at 16–18.  The Act makes clear that "[a]n action to enforce any liability created under this section"—i.e., 5 U.S.C. § 552a—must be brought "within two years from the date on which the cause of action arises."  § 552a(g)(5).  A cause of action under the Privacy Act arises "at the time that (1) an error was made in maintaining plaintiff's records[,] (2) plaintiff was harmed by the error[,] and (3) the plaintiff either knew or had reason to know of the error." *Szymanski v. U.S. Parole Comm'n*, 870 F. Supp. 377, 378 (D.D.C. 1994); *see Tijerina v. Walters*, 821 F.2d 789, 798 (D.C. Cir. 1987).  "A new cause of

action does not arise each time an adverse determination is made based on the allegedly erroneous records." *Allmon v. Fed. Bureau of Prisons*, 605 F. Supp. 2d 1, 4 (D.D.C. 2009). Unless the statute of limitations is equitably tolled, a late-filed Privacy Act claim is time barred. *Chung v. U.S. Dep't of Justice*, 333 F.3d at 276-78.

Plaintiff alleges in his complaint that the Commission relied on "false, inaccurate, and erroneous information" when evaluating whether to grant Plaintiff parole on the sentence he was then serving for a rape committed in the District of Columbia. Compl. ¶ 12. "[S]pecifically, this false, inaccurate, [and] erroneous [information] is a reference to a warrant for an alleged sexual assault in 1993 in Baltimore, MD, that has been subsequently dismissed." *Id.* Defendants point out that the Commission conducted a parole hearing for Plaintiff on June 19, 2007. Mem. at 17 (citing Hearing Summary, Mot. Ex. B [Dkt. # 21-1]). During that hearing, Commissioners considered the Baltimore warrant, with one reviewing examiner noting that Plaintiff "was wanted for a Baltimore, MD [r]ape when he committed the current [r]ape" and a second reviewing examiner noting that "there was another outstanding warrant for [Plaintiff] for another rape." Hearing Summary at 3. Defendants also point out that the Commission formally denied Plaintiff parole on October 11, 2007. Mem. at 17 (citing Notice of Action, Mot. Ex. C [Dkt. # 21-1]). In the denial notice, the Commission specifically informed Plaintiff that its decision was partially based on the fact that "[a]t the time you committed this offense"—rape in the District of Columbia—"there was an outstanding warrant for your arrest based on another rape in Baltimore." Notice of Action at 1.

By the time he received the Notice of Action—presumably soon after the date of the Notice, October 11, 2007—Plaintiff clearly knew, or certainly should have known, that the

-11-

Commission considered the record of Plaintiff's Baltimore warrant. The two-year statute of limitations therefore began to run on, or very soon after, October 11, 2007. When Plaintiff filed his Privacy Act claims on March 22, 2010, *see* Compl., those claims were time-barred. Plaintiff's arguments to the contrary are unavailing.

First, Plaintiff asserts that he was first presented with Defendants' Exhibit B, the Hearing Summary, in an appeal "initial [sic] filed July 6th [sic], 2009." Mem. of P. & A. in Opp'n of Defs.' Mot. to Dismiss ¶ 55 [Dkt. # 23]. "Thus, Plaintiff . . . brought action within two years" of July 6, 2009. *Id.* Nonetheless, Plaintiff still was informed of the Commission's consideration of the Baltimore warrant via the Notice of Action in October 2007, and thus knew or should have known of that consideration more than two years before he initiated this action.

Second, Plaintiff asserts that "his initial complaint was filed against Defendants for violating" the Privacy Act on July 6, 2009. *Id.* ¶ 56. But even if Plaintiff did raise allegations of Privacy Act violations against Defendants in a separate action in July 2009, that would have no effect on running the statute of limitations with respect to this lawsuit. Plaintiff still needed to have filed this case within two years of receipt of the Notice of Action in October 2007.

Defendants therefore correctly argue in their reply that "Plaintiff cannot and has not pled that he was unable to discover his claims despite due diligence." Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Dismiss, at 9 [Dkt. # 25]. In other words, there is no reason in this case to toll the running of the statute of limitations. Plaintiff filed this action several months after the limitations period expired. His claims under the Privacy Act are therefore time-barred, and summary judgment will be granted in favor of the Commission.

### V. Conclusion.

For the reasons set forth above, Defendants' motion to dismiss will be granted in part and denied in part. The only remaining defendant will be Warden Martinez, and the only remaining claims will be those in the severed and transferred Petition for a Writ of Habeas Corpus. A separate order consistent with this Memorandum Opinion shall issue this date.


Date: February 15, 2010                         /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge